**FILED**

APR 10 2012

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

FORM TO BE USED BY A STATE PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 OR BY A FEDERAL PRISONER IN FILING A BIVENS CLAIM.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
_____ DIVISION

NO. _____
(leave this space blank)

CHRISTOPHE M. OXENDINE

(enter full names of each plaintiff(s))

v.

Thomas Harihan
Jane Swain
Robert G. Jones
John Sturz

(enter full names of each defendant(s))

Inmate Number 0599696

TRIAL DEMANDED

*************************************************************************

I. HAVE YOU BEGUN OTHER LAWSUITS IN FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION? YES ( ) NO (✓)

If your answer is YES, describe the former lawsuit in the space provided below:

_____
_____

II. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT TO THE STATE INMATE GRIEVANCE PROCEDURE? YES (✓) NO ( )

If your answer is YES:

1. What steps did you take? All above
2. What was the result? (Attach copies of grievances or other supporting documentation.)

_____

Page 1 of 5

## VERIFIED STATEMENT

I have been advised of the requirements regarding exhaustion of administrative remedies and now submit this verified statement.

(Please choose the box that applies to your action):

_____ There are no grievance procedures at the correctional facility at which I am being confined.

_____ This cause of action arose at _____, and I am now being housed at _____. Therefore, I do not believe I have administrative remedies relating to this complaint at this time.

__/__ I have exhausted my administrative remedies relating to this complaint and have attached copies of grievances demonstrating completions.

III. **PARTIES:**
In Item "A" below, place your name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any. NOTE: ALL PLAINTIFFS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.

A. Name of Plaintiff: **Christopher M. Oxendine-Bey**

Name of Present Confinement: **Maury Correctional Institution**

Address of Present Confinement: **2568 Moore Plouse Rd, Hookerton N.C. 28538**

In Item "B" below, place the full name of defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) through (F) for additional defendants. NOTE: ALL DEFENDANTS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.

B. Defendant **Thomas Hai Hand**
   Position **P.A.**
   Employed at **Pasquotank Correctional Institution**
   Address **527 Commerce Drive, Elizabeth City, North Carolina 27966-5005**
   Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

C. Defendant **Jane Swain**
   Position **L.N.**
   Employed at **Pasquotank Correctional Institution**
   Address **527 Commerce Drive, Elizabeth City N.C. 27966-5005**
   Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

D. Defendant _____

Position: Robert G. Jones
Superintendent
Employed at: Pasquotank Correctional Institution
Address: 527 Commerce Drive, Elizabeth City, N.C. 27906-5605
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

E. Defendant: John Struz
Position: Psychiatrist
Employed at: Bertie Correctional Institution
Address: 218 Cooper Hill Road Windsor NC 27983
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

F. Defendant: ___
Position: ___
Employed at: ___
Address: ___
Capacity in which being sued: Individual ( ) Official ( ) Both ( )

## IV. STATEMENT OF CLAIM

State here as briefly as possible the FACTS of your case. Describe how each defendant is involved. Include also the names of the other persons involved, dates and places. DO NOT GIVE ANY LEGAL CITATIONS OR ANY LEGAL ARGUMENTS OR CITE ANY STATUTES. If you wish to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

On 6/24/09 why the plaintiff was being housed at Pasquotank Correctional Institution in Elizabeth City, N.C. why he was being resided on unit one for segregational purposes for braking minor rules and infractions amongst the facility.

On the current date, that is mention above the plaintiff Christopher M. Oxendine-Bey was led to the conference room in hand cuffs, shackles, and waste chains, so that he could be evaluated by the defendant P.A. Thomas Hai'Hand due to medical issues that he was having with chronic back pain.

As the plaintiff was being screened by the defendant Thomas Hai'Hand the defendant began to rub and stroke the plaintiff very sensitive on his chest, fondling his breast and nipple

REVISED DATE: 09/2001

area as she slowly worked his way down to the plaintiff waist line, why asking him if he had an big penis or not, Then he reached into the plaintiff pants and grabbed the plaintiff penis and begin rubbing and stroking it inside of an playful jesture and motion, as he held the plaintiff very still and tightly making sure that he couldn't move, but to just accept what ever he was doing to him.

The plaintiff tried to fight the defendant off by he told him to shut up and to just relax, and he would be done in a moment.

After the plaintiff had called for help out of desperation and fear to officer ford who was standing outside of the door at the time of the sexual fondle and touching. The defendant then let the plaintiff go and stopped his assault against him.

The plaintiff then left out of the conference room where he immediately reported the defendant Thomas Hailand actions against him to defendant officer ford, where he was immediately returned back to his cell.

The plaintiff then on numerous ocassions tried to

## V. RELIEF SOUGHT BY PRISONER

State briefly exactly what you want the Court to do for you. **MAKE NO LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.**

WHEREFORE, Plaintiff respectfully prays that this court:
A. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;
B. Order Defendants to pay 50,000 in Compensatory, 25,000 in punitive damages
C. Order Defendants to pay any takes, room and board any other fees or cost
D. Grant other just and equitable relief that this Honorable Court deems necessary.

report this offense to sgt. Witfield, sgt. Sledge, officers James, Owens, Davis, unit manager Shaw, Lt. brothers, officer Walker, sgt. Boston, and Sgt. Kassy. But his complaints was never taken seriously by staff or the administration.

## EXCESSIVE FORCE CLAIM

The defendant Thomas Haihand physical contact against the plaintiff was meant to cause harm, rather than to keep or restore order. It is evident that the defendant Thomas Haihand used force, by taken advantage of the plaintiff why he was inside of four point restrains, where he couldn't defend himself or fight the defendant off as he reached inside of his pants and fondle his penis.

The defendant Thomas Haihand state of mind at the time was hateful, cruel and his actions was uncalled for. Because the plaintiff was inside of an dying need of medical treatment due to chronic and severe back pain, that was preventing the plaintiff from sleeping, exercising, and participating inside of normal daily activities.

The force used was not a necessary part of prison discipline, which was an violation of the plaintiff Eighth Amendment rights. The plaintiff has the right to be free from any type of sexual assault either by staff or inmate.

The Prison Rape Elimination act (PREA), passed by Congress in 2003, applies to all detention facilities, including federal and state prisons, jails, police lock-ups, private facilities, and immigration detention center

, and specifically recognizes that sexual assault in detention can constitute a violation of the 8th Amendment, 42 U.S.C. § 15601 (13). PREA requires that facilities adopt a zero-tolerance approach to this form of abuse, 42 U.S.C. § 15602 (1). Even before PREA was passed, Court agreed that Rape or sexual assault of prisoners by correctional officers violates the Eighth Amendment, Farmer V. Brennan, 511 U.S. 825 (1994); Schwenk V. Hartford, 264 F. 3d 1187 (9th Cir. 2000).

 The defendant Thomas Haihand sexual assault against the plaintiff definitely meet the first prong of the test — there is objectively serious harm or risk of harm, and because sexual assault is un-justifiable conduct with any legitimate penological purpose.

 The rape and sexual assault need not be committed by a prison guard in order to violate the Eighth Amendment Court have held that people who are similar to prison guards, such as supervisors in prison work programs, also violate the Constitution by assaulting prisoners. Smith V. Cochran, 339 F. 3d 1265 (10th Cir. 2003)

 The defendant actions was unjustified force which this conduct has no legitimate purpose and necessarily involves the use of force maliciously and sadistically for the very purpose of causing harm.

## DELIBERATE INDIFFERENCE

 The defendant(s) Jane Swain, and Robert G. Jones acted with deliberate indifference why they knew that inmate(s) face a substantial risk of serious harm, but disregarded that risk by failing to take

reasonable measures to abate it. The defendant(s) knew about a risk to an inmates and fail to respond reasonably to that risk. When they new that the defendant Thomas Haihand way guy and had homo-sexual tenancy because he was very feminine and numerous of inmates had done complained about the defendant Thomas Haihand sexually fondling them, but staff officials never took these acts serious.

The defendant(s) actually knew about the risk, because of numerous of inmates had complained against the defendant and his sexual acts towards them. Plus the defendant was caught later in the act sexually fondling an inmate where he was fired, and his license was strip in North Carolina and Virginia due to these same accusation not to mention him lossen his medical license.

The defendant had an strong suspicion that a risk exists however they ignore that suspicion and refuse to verify relevant facts to correct the situation. The defendant(s) never investigated the matter to figure out whether a substantial risk of serious harm really exists. And when face with that information that had suggested a serious problem, but yet they ignore the problem and stuck their heads in the sand.

## MEDICAL CARE CLAIM

The plaintiff was experiencing an serious mental health need for treatment right after he had been sexually assaulted by defendant Thomas Haihand. The defendant violated the plaintiff 8th amendment rights to the U.S. Constitution when they knew that he had an serious medical need, because he was going through mental anxiety/distress due to the assault that had

occurred on 6/24/09 when defendant Thomas Hailtand had sexually fondle the plaintiff during an routine check up and serious medical condition that he was being face with at the time which was chronic back pain.

The defendant Dr. John Struz and the mental health medical system violate constitutional standards when providing inmates with adequate mental, and emotional treatment after being face with an brutal sexual assault, by staff or inmate.

The defendant Dr. John Struz refused to screen the plaintiff mental health problems thoroughly and treat him properly for his mental and emotional distress that he was having after he was being face with having to deal with mental and emotional trumma, after being sexual fondle by an very none sex offender who worked for the department of corrections, as a P.A./medical Doctor.

The defendant Dr. Struz poorly manage, or tried to disregard the plaintiff serious mental health issues that he was having pertaining to the sexual assault incident that had taken place on 6/24/09. Where he constantly denied or unreasonably delayed the plaintiff access to proper medical care which violated his 8th amendment rights to the U.S. constitution.

The defendant(s) acted with deliberate indifference when they fail to provide mental health counseling to the plaintiff when they knew for an fact that the plaintiff was suffering from past drammatic stress, disorder due to him being sexually assault by defendant Thomas Hailtand.

(1) The plaintiff did have an serious mental health issue, because he had just been

(2) The defendant(s) and their official's actually knew and had knowledge of the plaintiff sexual fondle case, because he had wrote numerous of grievance, and had numerous of investigation conduct about this matter, also wrote statements, and had complained to staff on about the incident.

(3) The defendant(s) and their official fail to respond reasonabley by providing the plaintiff with adequate mental health treatment that would help him deal and cope with the sexual abuse that he had been force to be trammatize with for the rest of his life.

(4) The defendant(s) deliberate indifference cause the plantiff post drammatic skess disorder, where he became very depress, anger, frustrated, and mental and emotionally unstable due to the fact that the plaintiff had been sexually fondle, and rape by his uncle as a child when he was growing up.

The defendant(s) failure to treat the plaintiff mental health condition resulted the plaintiff in further syhifican injuries and unnecessary wanton infliction of pain, because the defendant and their staff official refused to take the plantiff situation and condition serious which only made his current situation and mental condition worst because staff refuse to treat and provide mental health counselin, that would help him deal with this issue that would help comfort him and make his condition a lot better.

2. Official's Knowledge of Need

The plaintiff did everything that he could to notify the defendant(s) of his problem. So the defendant(s) was definitely aware of the plaintiff(s) illness, because he had done. please sn2-sidsosculti forms grievantied forms, statement forms

and action trying to seek the proper medical treatment that was gonna best help him cope and deal with his current medical condition because mentally and emotionally he was not inside of his right frame of mind, due to having being sexualy assaulted by an family member in the pass, so the defendant Thomas Haitland actions, opened up old wounds that the plaintiff had been trying hard to cope with for over the last pass several years and with the defendant doing what he did to the plaintiff made him relive those moments all over again, where mentally and emotionally he has never been the same every since.

The defendant John Struz is responsible for information that he got during his examination of the plaintiff and information that he had got from a review of the plaintiff medical records, or from conversations with guards, doctors, or an family member.

### 3. Failure to Provide treatment

Once the defendant knew about the plaintiff serious medical need they never responded reasonably. Ideally the plaintiff should have been promptly examined by an qualified mental health personnel, and prescribed or order the necessary treatment, then giving that treatment properly, then provided follow-up treatment as needed.

The defendants violated the plaintiff constitutional rights when they intentionally denied or delayed the plaintiff access to adequate mental health treatment which provided grossly inadequate treatment of the plaintiff serious medical needs.

### a. You are Denied medical Attention

The plaintiff disposable documentous mental health illness where

he repeatedly asked for medical treatment, but he received none, and he suffered a serious mental health injury, where the plaintiff became very depress, suicidal, and suffered from post drammatic stress disorder, and the defendant(s) refused to talk with the plaintiff about his problems and document any thing that they talk about inside of the meeting in regarding to this issue, when or if allow too. Because the defendants and their staff was highly trying to cover this up because they knew that the plaintiff would adventurly file an lawsuit against the defendants for the acts of violating his constitutional rights.

The defendant was wrong inside of this case because after learning about the plaintiff serious mental health issues the official may not simply do nothing, official may not deny needed medical care in order to punish you.

b. Official's Delay in Getting you medical attention.

The defendant(s) delay in providing the plaintiff with adequate medical treatment for his mental health illness violated the plaintiff constitutional rights. Their delay and denial to treat the plaintiff mental health illness when his medical need was urgent, because their delay caused the plaintiff extreme, pain, frustration, stress, grief, distress and suffering. Which amounted in deliberate indifference. Their action was medically unjustified and clearly likely to make the plaintiff mental health illness worsen or result in a lifelong handicap or a permanent loss.

C. The Medical Treatment You Receive is Inadequate.

The defendant(s) acted in deliberate indifferent when the mental health counselor~~as that the plaintiff have received was~~ was grossly incompetent

inadequate, or excessive as to shock the conscience or to be intolerable to the fundamental fairness. The defendant Dr. Struz acted in deliberate indifference when he continue to not provide the plaintiff with the proper counseling that would treat him for his depression, anger, stress, and frustration.

The defendant(s) deliberate indifference caused the plaintiff to exprience matiple amounts of distress, mental and emotional anxiety, frustration and grief. Because they refused to treat the plaintiff mental health situation serious and with the proper care that it needed to help him, deal and cope with the mental illness that he was exprienceing after being sexual assaulted.

## Deliberate Indifference

The plaintiff had taken steps to notify officials of the risk to his personnel health and safety, before those risks had caused him harm. The plaintiff had told officials about ongoing risk of his health and safety prior to the risk actually happening but the defendant(s) and their staff officials never took the plaintiff complaints serious

The defendant(s) acted with deliberate indifference because they knew that the plaintiff face a substantial risk of serious harm, and they disregarded that risk and fail to respond reasonably and take the appropriate measures to abate it because they never gave him the proper counseling that he needed to help him deal and cope with his mental health illness that he was being face with because he was sexually assaulted by defendant Thomas Hartland who at all times

Institution.

The plaintiff had filed an grievance in reference to this issue where he included all important details about the risk, including how long it has lasted and what he wanted officials to do for him.

But staff officials never took the plaintiff complaints serious. The plaintiff risk was obvious because it was longstanding, pervasive, well-documented, or apparent to everyone who worked at the prison, because the plaintiff was down and out, sad and depress to the point where he couldn't eat, and was losing a lot of weight.

### Reasonable Responses

Once an official actually knew about a substantial risk of serious harm, she must respond reasonably to it which they never tried to help or counsel the plaintiff on this sexual assault issue because they was trying to cover it up like it never even happen because they new that the plaintiff would adventurly fail an lawsuit against them for violating his constitutional rights.

The defendant(s) never made an good faith effort to investigate the problem and fix it, Because they tried to make the plaintiff out to be an lier, which let the defendant Thomas Hair Hand off the hook, where he was able to sexual assault other inmates until he was caught and fire, He also lost his medical license in North Carolina and VA for these same acts against other inmates and his patients.

REVISED DATE: 09/2001

_____
_____

Signed this __1__ day of __April__, 20__12__.

__Christopher Oxendine-Bey__
Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)

I declare under penalty of perjury that the foregoing is true and correct.

__4/1/12__   __Christopher M. Oxendine-Bey__
Date         Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)