IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3084-FL

| | |
|---|---|
| CHRISTOPHER M. OXENDINE-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THOMAS HARIHAN, JANE SWAIN, ) | |
| ROBERT G. JONES, and JOHN ) | |
| STRUZ, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 25) and motion for a protective order (DE 35) filed by defendants Superintendent Robert G. Jones ("Jones"), Dr. John Struz ("Struz"), and Nurse Jane Swain ("Swain"). In response to the motion to dismiss, plaintiff filed a motion to amend (DE 28), to which defendants responded. Plaintiff did not respond to defendants' motion for a protective order. Finally, before the court is plaintiff's motion for entry of default (DE 38) against Thomas Harihan ("Harihan"), to which there was no response. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On May 12, 2009, plaintiff, a state inmate housed at Pasquotank Correctional Institution ("Pasquotank"), attended an appointment in the medical unit with Harihan, a physician's assistant,

for evaluation of his back pain.[1] Am. Compl. p. 2. During the evaluation, Harihan "began to make verbal sexual comments" to plaintiff which made him uncomfortable. Id. Plaintiff then refused the examination. Id. As plaintiff was leaving the room, Harihan "smacked him on his butt." Id.

After leaving the examination room, plaintiff immediately asked to speak with Swain, who was the head nurse on duty. Id. Plaintiff told Swain about the incident with Harihan. Swain then "immediately took [plaintiff] into her office where she sat [him] down and gave [him] a pep talk." Id. Swain informed plaintiff that she knew that he "wasn't lying[] because other inmates had [] complained about the defendant [] Harihan sexually touching them too." Id. p. 3. Swain further stated that there was nothing she could do about it because she needed proof. Id. Plaintiff states that he then complained to "every officer that he had come in contact with letting them know of the sexual misconduct that had taken place with [Harihan.]" Id. Plaintiff states that he complained to the following prison staff: Sergeant Jane Boston ("Boston"), Sergeant Jane Witfield ("Witfield"), Sergeant John Sledge ("Sledge"), Lieutenant John Brothers ("Brothers"), unit manager John Shaw ("Shaw"), Officer John Ownes ("Ownes"), Officer Jane Walker ("Walker"), Officer John Davis ("Davis"), Officer John James ("James"), Officer Jane Spella ("Spella"), and Sergeant Jane Kassy ("Kassy"). Plaintiff additionally states that he wrote a letter to Jones notifying him of Harihan's alleged conduct. Id.

After voicing his complaints about Harihan, plaintiff told Swain that he was having pain in his back. Id. p. 4. Swain responded that plaintiff would have to fill out a sick-call request for an

---

[1] Plaintiff states that prison officials mistakenly brought him to the medical unit on this date because they had him confused with another inmate with the last name of Oxendine. Id.

2

appointment. Id. Swain told plaintiff that if plaintiff filled out a sick-call request, she would ensure that he got the care he needed. Id.

When plaintiff returned to his unit, he demanded to speak with Boston, a sergeant. Id. Plaintiff informed Boston of the sexual and verbal assaults he experienced with Harihan. Id. In response, Boston laughed at plaintiff and told him to return to his room. Id. Plaintiff further states that none of the officers to whom he complained took his complaints seriously. Id.

On June 24, 2009, at approximately 9:30 a.m., plaintiff was escorted to medical for a routine sick-call appointment for his chronic back pain. Id. p. 9. Plaintiff was brought to the medical unit in handcuffs, waist chains, and shackles. Id.

At the medical unit, Harihan examined plaintiff. Id. During the examination, Harihan "lifted up the plaintiff['s] shirt and then he immediately began to rub the plaintiff['s] chest, where he had surgery in the past. . . . Then he slowly made his way down towards the plaintiff['s] groin area." Id. pp. 9-10. Plaintiff then "screamed out for help from defendant John Ford [who] was standing outside the door of the conference room." Id. p. 11. Harihan "told the plaintiff to shut up that he wasn't finish with him yet." Id. Harihan then attempted to calm plaintiff down. Id. Plaintiff became very upset and stomped out of the conference room prior to the completion of the medical exam. Id. Plaintiff immediately complained to Ford. Id.

After the sexual assault, plaintiff states that he again complained to the same defendants, to whom he had previously complained. Id. p. 12. However, the complaints were not taken seriously. Id. At some point, Kassy reported the incident to Blow. Id. In response, plaintiff states that a party identified by plaintiff as Captain John Doe told plaintiff that if he did not mention the first incident with Harihan, that Captain John Doe would talk to the "D.C.C. board committee and see if they

3

would drop his ICON and let him go back to the yard." Id. pp. 12-13. However, Captain John Doe informed plaintiff that if he did report the incident, the captain would ensure that plaintiff got "max con which is a maximum of 18 months in the hole." Id. Plaintiff "went along with the Captain's proposal because he felt like[,] at the time[,] he had no other choice." Id. As a result, plaintiff signed the statement submitted to him by Captain John Doe. Id.

Plaintiff subsequently was transferred from Pasquotank to Bertie Correctional Institution ("Bertie"). Id. At Bertie, plaintiff experienced feelings of "depress and down and out, due to having thoughts of suicide, and flash back of childhood members of growing up being physically abuse, and rape by my uncle, as a child." Id. p. 13. Plaintiff attempted to seek mental health treatment. Id.

At Bertie, plaintiff received mental heath treatment from Struz. Id. P. 14. However, Struz never took plaintiff's complaints seriously, because he did not believe plaintiff's allegations. Id. Struz did not document his conversations with plaintiff about the alleged sexual assault. Id. However, Struz later informed plaintiff that Harihan had been caught sexually assaulting another inmate, had been fired, and had lost his medical license. Id.

A.  Motion to Amend

Plaintiff seeks to amend his complaint to supplement his allegations and to add the following persons as defendants: Whitfield, Sledge, Boston, Ford, James, Owens, Davis, Walker, Brothers, Spella, Kassy, Shaw, and Captain John Doe. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his first motion to amend within twenty-one (21) days of defendants'

4

motion to dismiss. Thus, plaintiff's first motion to amend is ALLOWED as a matter of course. See, e.g., Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. Jan. 25, 2013) (reversing district court's decision denying motion to amend as futile where the plaintiff had the right to amend his complaint as a matter of course).

B.  Frivolity Review

The court now turns to its frivolity review of plaintiff's amended pleading. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

1.  Failure to Protect

Plaintiff alleges that defendants Jones, Swain, Witfield, Sledge, Boston, Kassy, Brothers, Shaw, Ford, James, Ownes, Davis, Walker, and Spella failed to protect him from the alleged sexual

5

assaults in violation of the Eighth Amendment to the United States Constitution. To establish a claim for failure to protect from violence, an inmate must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that prison officials had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). "In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." Id. (internal quotations and citations omitted). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Beginning with the objective prong of the Eighth Amendment test, the court finds that an alleged sexual assault is sufficient to satisfy this requirement. See Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault . . ."). Accordingly, plaintiff's complaint states a claim as to the objective prong of the Eighth Amendment test.

As for the subjective prong of the Eighth Amendment test, plaintiff states that he reported Harihan's first alleged sexual assault to Swain, but that Swain refused to act, despite having knowledge of Harihan's previous assaults on other inmates. Plaintiff also states that he complained about Harihan's assault to Jones, the Superintendent of Pasquotank, but that Jones did not fully investigate plaintiff's complaint and allowed Harihan's abuse to continue.[2] Plaintiff further states that he complained to Boston about the first assault when it occurred, but that Boston laughed at him

---

[2] The court further notes that plaintiff has adequately stated a claim based upon supervisor liability against Jones because plaintiff has alleged Jones was aware of widespread abuse by Harihan, but failed to act. See Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983).

6

and instructed him to return to his room. Finally, plaintiff asserts that Captain John Doe threatened plaintiff that if plaintiff continued to complain about Harihan's conduct, Captain John Doe would "make sure that [plaintiff] got max con which is a maximum of 18 months in the hole." Am. Compl. p. 12. The court finds that plaintiff has alleged facts stating that Swain, Boston, Jones, and Captain John Doe knew of disregarded an excessive risk to plaintiff's health or safety. Thus, the court finds that plaintiff states an Eighth Amendment claim against these defendants.

Regarding plaintiff's failure to protect claim against Ford, plaintiff, in his amended complaint, states that Ford stood outside of the exam room while Harihan allegedly sexually assaulted plaintiff. Plaintiff, however, does not allege that Ford knew that plaintiff was being sexually assaulted or that plaintiff needed assistance. Thus, the court finds that plaintiff has not adequately alleged facts sufficient to satisfy the second prong of the Eighth Amendment test–that Ford acted with deliberate indifference to plaintiff's alleged sexual assault. Thus, plaintiff's claim against Ford is DISMISSED without prejudice.

The court now turns to plaintiff's Eighth Amendment failure to protect claim against Witfield, Sledge, Brothers, Shaw, Ownes, Spella, Kassy, Davis, Walker, and James. With regard to these prison officials, plaintiff's allegations blanketly state that he complained about his alleged sexual assault to these defendants, but that they failed to assist him. Plaintiff, however, has not provided any factual support for his claim against these defendants, but merely presents conclusory allegations devoid of any reference to actual events. The court finds that plaintiff's allegations as to these defendants is insufficient to state an Eighth Amendment claim. White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); Cook v. Kraft Foods Global, Inc., 184 F. App'x 348, at *1 (4th Cir. June 8, 2006) ("[W]hile the liberal pleading

7

requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendants.") (citation omitted). Thus, plaintiff's Eighth Amendment claim against Witfield, Sledge, Brothers, Shaw, Ownes, Spella, Kassy, Davis, Walker, and James is DISMISSED without prejudice.

2. Excessive Force

Plaintiff alleges that Harihan used excessive force against him in violation of the Eighth Amendment to the United States Constitution when he sexually assaulted him. The court ALLOWS plaintiff to proceed with this claim. See, e.g., Etters v. Bennett, No. 5:09-CT-3187-D, 2011 WL 976472, at *9 (E.D.N.C. Mar. 16, 2011), appeal dismissed, 444 F. App'x 686 (4th Cir. Aug. 30, 2011); Brooks v. Bufford, No. 2:10-689-TLW-BHH, 2011 WL 2119281, at *6, n.6 (D.S.C. Mar. 3, 2011) ("Because allegations of sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.") (citing Boddie v. Schnieder, 105 F.3d 857, 859 (2d Cir. 1997)); Kahle v. Leonard, 477 F.3d 544, 553 (8th Cir. 2007).

3. Deliberate Indifference to Medical Needs

Plaintiff alleges that Struz, a physician, acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution when Struz refused to provide plaintiff mental health treatment following the alleged assault, causing plaintiff to experience depression. The court finds that plaintiff's allegations satisfy both the objective and subjective prongs of the Eighth Amendment test. See, e.g. De'Lonta v. Angelone, 330 F.3d 630,

8

635 (4th Cir. 2003); Hicks v. James, 255 F. App'x 744, 749 (4th Cir. Nov. 28, 2007). Thus, plaintiff has stated an Eighth Amendment claim against Struz.

To the extent plaintiff alleges that the remaining defendants acted with deliberate indifference to his mental health needs, plaintiff has not stated a claim. To state an Eighth Amendment claim, a plaintiff must allege that a defendant acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury [] or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 575-76) (citations omitted). In this case, plaintiff does not allege that Jones or Swain actually knew of plaintiff's need for mental health treatment and disregarded that need. Accordingly, plaintiff has not sufficiently plead that Jones and Swain acted with deliberate indifference to his mental health care.

C. Captain John Doe

The court allowed plaintiff the opportunity to amend his complaint to include the party plaintiff identified as Captain John Doe. Plaintiff states in his complaint that he does not know the name of this party. Accordingly, the court appoints North Carolina Prisoner Legal Services ("NCPLS") for the limited purpose of assisting plaintiff with discovering the identity of this party.

D. Motion for Entry of Default

Plaintiff states that defendant Harihan is in default because Harihan failed to timely respond to the complaint. Federal Rule of Civil Procedure 55(a) provides that the Clerk of Court shall enter an order of default against a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." as provided by the Federal Rules of Civil Procedure.

9

A defendant must serve a responsive pleading within twenty-one (21) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1) (A)(i). Plaintiff served Harihan with the summons and complaint on November 16, 2012. Accordingly, Harihan's answer was due on December 7, 2012. Harihan failed to respond to plaintiff's complaint. Accordingly, the court finds that Harihan is in default, and the Clerk of Court is DIRECTED to enter an order of default in this action.

E.   Motion for a Protective Order

Sturz, Swain, and Jones argue that plaintiff's discovery requests are premature because the court has not yet entered a scheduling order pursuant to Federal Rule of Civil Procedure 16. These defendants further request that the court defer discovery until after it has ruled upon the pending motion to dismiss. As the court has ruled upon the pending motion to dismiss and has directed the Clerk of Court to issue an initial order pursuant to Rule 16, the motion for a protective order is DENIED.

**CONCLUSION**

For the foregoing reasons, the court rules as follows:

(1)   Plaintiff's motion to amend (DE 28) is GRANTED. Because the court allowed plaintiff's motion to amend, defendants' motion to dismiss (DE 25) is DENIED as MOOT.

(2)   Pursuant to 28 U.S.C. § 1915(e)(2)(B) plaintiff's claims against the following defendants are DISMISSED without prejudice: Witfield, Sledge, Brothers, Shaw, Ownes, Spella, Kassy, Davis, Walker, Ford, and James. The court also DISMISSES pursuant to § 1915(e)(2)(B) plaintiff's claim that Jones and Swain acted with

10

deliberate indifference to his mental health care. However, plaintiff is ALLOWED to proceed with his remaining claims against the remaining defendants. The Clerk of Court is DIRECTED to add Captain John Doe and Boston as defendants in this action. The Clerk of Court also is DIRECTED to issue summons for Boston.

(3) The court APPOINTS NCPLS for the limited purpose of conducting discovery as to the identity of Captain John Doe. NCPLS has twenty-one (21) days to provide the court with the name of the party identified by plaintiff as Captain John Doe.

(4) The motion for a protective order (DE 35) is DENIED.

(5) Plaintiff's motion for entry of default (DE 38) is GRANTED. The Clerk of Court is DIRECTED to make an entry of default as to Harihan.

(6) The Clerk of Court is DIRECTED to issue an initial order. Defendants are on notice that the court discourages any future motions to dismiss pursuant to Rule 12(b)(6) alleging that plaintiff failed to state a claim upon which relief may be granted as the court has conducted a frivolity review and determined that plaintiff has adequately stated claims as set forth herein.

SO ORDERED, this the 5th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge