IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3084-FL

| | | |
|---|---|---|
| CHRISTOPHER M. OXENDINE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS HARIHAN, JANE SWAIN, | ) | |
| ROBERT G. JONES, SERGEANT | ) | |
| JANE BOSTON, DOUGLAS BLOWE, | ) | |
| KEM KIRKPATRICK SPENCE,[1] and | ) | |
| JOHN STRUZ, | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motions for summary judgment (DE 90, 94) and motion to file a motion for future entry of default (DE 92). Also before the court is defendants' motion for leave to file executed affidavit of defendant Swain instanter (DE 99). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's two motions for summary judgment[2] against defendant Thomas Harihan ("Harihan"), in which plaintiff requests that the court enter default judgment against Harihan. The court's docket reflects that the Clerk of Court made an entry of default as to defendant Harihan on August 14, 2013. Plaintiff is correct in that Federal Rule of Civil Procedure

---

[1] Plaintiff originally identified this party as defendant John Spence. However, the correct name for this defendant is Kem Kirkpatrick Spence. The Clerk of Court is DIRECTED to update the court's docket to reflect this change.

[2] Plaintiff's October 10, 2014, motion seeks summary judgment against Harihan as well as the remaining defendants.

55(b) provides that he may next move for an entry of default judgment against defendant Harihan. However, as stated previously in this court's October 16, 2013, order, the United States Supreme Court's decision in Frow v. De La Vega, 82 U.S. 552 (1872), provides that where a plaintiff alleges the joint liability of more than one defendant, the appropriate course is to reserve the entry of default judgment until after the case has proceeded as to the answering of all defendants. Id. Because the action remains pending against defendants that have answered the complaint, plaintiff's requests for entry of default judgment and motions for summary judgment are DENIED as premature. The Clerk of Court will notify plaintiff when it is the appropriate time to file a motion for entry of default judgment against Harihan.

The court now turns to plaintiff's motion requesting the opportunity to file a future motion for entry of default against defendant Kem Kirkpatrick Spence ("Spence"). Defendant Spence's answer was due on October 16, 2014, and he filed a motion for summary judgment on that date. Thus, Spence is actively defending the action, and plaintiff's motion is DENIED.

Finally, the court turns to defendants' motion for leave to file the executed affidavit of defendant Swain instanter. For good cause shown, defendants' motion is GRANTED.

In summary, the court rules as follows:

    (1)    Plaintiff's September 12, 2014, motion for summary judgment (DE 90) is DENIED as PREMATURE. Plaintiff's October 10, 2014, motion for summary judgment (DE 94) is DENIED as PREMATURE only as to defendant Harihan. Plaintiff's motion for summary judgment (DE 94) as to the remaining defendants remains pending;

(2) Plaintiff's motion to file a future motion for entry of default against defendant Spence (DE 92) is DENIED;

(3) Defendants' motion for leave to file executed affidavit of defendant Swain instanter (DE 99) is GRANTED;

(4) The Clerk of Court is DIRECTED to amend the court's docket to reflect that the defendant originally identified at John Spence is Kem Kirkpatrick Spence.

SO ORDERED, this the 29th day of December, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

3